[Sac. No. 1589.   In Bank.—March 12, 1908.]

COUNTY OF GLENN, Respondent, v. L. J. KLEMMER, as Treasurer of the County of Glenn, and HOCHHEIMER & COMPANY (a Corporation), Appellants.

COUNTIES—EXPENDITURE OF SEVENTY PER CENT OF FUND PRIOR TO JANUARY FIRST—CONSTRUCTION OF COUNTY GOVERNMENT ACT.— Under section 36 of the County Government Act of 1903 (Stats. 1903, p. 402), whenever, for any and all purposes, in any fiscal year, seventy per cent of a particular county fund has been expended prior to the first of January of that fiscal year, or liabilities to the amount of seventy per cent have been incurred payable therefrom, no more of the fund's money may be expended prior to January first, except only for the emergency purposes enumerated in that section.

APPEAL from a judgment of the Superior Court of Glenn County.   John F. Ellison, Judge.

The facts are stated in the opinion of the court.

R. L. Clifton, District Attorney, and Clifton & Zumwalt, for Appellants.

Charles L. Donohoe, and Frank Freeman, for Respondent.

HENSHAW, J.—Section 36 of the County Government Act of 1903 (Stats. 1903, p. 402) provides as follows:—

"Up to and including the first day of January in each fiscal year the board shall have no power for any purpose to contract debts or liabilities in any manner or for any purpose nor to make any allowances against any funds which, with all the debts and liabilities fixed by law payable therefrom, shall exceed seventy per cent of the auditor's estimate of the revenue for the year, except to build or repair roads and bridges which have been destroyed or made impassable by flood or fire.  And debts and liabilities contracted in any manner or for any purpose and any allowances made contrary to the provisions of this section shall be null and void and the auditor shall not draw his warrant therefor nor the treasurer pay the same."

The plaintiff in this action alleged that liabilities amounting to seventy per cent of the auditor's estimate of the funds of a certain road district had been incurred prior to January first of the fiscal year commencing July 1, 1904; nothwithstanding this, that the supervisors had allowed claims against this fund accruing before January 1st, in excess of the seventy per cent and that these excess claims were not for expenses incurred in the emergency work of building or repairing roads or bridges destroyed or made impassable by flood or fire. Plaintiff further pleaded that the defendant Klemmer, as treasurer of the county, would, unless restrained pay these claims, and the action was brought to prevent him from so doing. Defendant Hochheimer & Co., assignee of the claims which had been allowed in excess of the seventy per cent, pleaded as an affirmative defense that forty per cent of the seventy per cent of claims which had been allowed were for emergency expenditures expressed in the law, and that therefore, within the contemplation of section 36 there was still thirty per cent of the auditor's estimate available for the payment of the ordinary expenses of the repair of the roads. Defendant also demurred to the complaint, its demurrer going to. the same question of law. The court overruled its demurrer and ordered the special defense stricken from the answer, and gave judgment for plaintiff as prayed for.

Thus upon defendant's appeal, the single question presented is the construction of section 36. Plaintiff contends that the obvious import and meaning of the section is that when, for any and all purposes, seventy per cent of the fund has been expended, or liabilities to the amount of seventy per cent have been incurred, no more of the fund's money may be expended prior to January first, excepting only for the emergency purposes enumerated in the section. Defendant, on the other hand, contends that the section excepts from the seventy per cent limitation any moneys which may have been expended for emergency purposes, or, phrasing it differently, that the section limits only the ordinary expenditures before January first to seventy per cent of the auditor's estimate.

It seems apparent that respondent's construction is the one which the language most obviously bears. If an emergency has arisen, all of the moneys may, for such emergency pur-

poses, be expended or liabilities incurred for their expenditure, before the first of January. But if, for any purpose, liabilities amounting to seventy per cent have been incurred before the first of January, thereafter and until the first of January no more moneys may be expended, saving for emergency purposes alone. If the statute had intended, as appellant insists, that all expenditures for emergency purposes should be deducted from the seventy per cent limitation, we should look for some clearer expression of that purpose than can be found from a reading of the statute. In the absence of such expression, the more obvious interpretation must prevail, the interpretation contended for by respondent and given to the statute by the trial court.

For which reasons the rulings of the trial court are approved and the judgment appealed from is affirmed.

Lorigan, J., Shaw, J., Sloss, J., and Angellotti, J., concurred.